IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHARLIE EASTLAND,                )
No. a01258                       )
                                 )
           Petitioner,           )
                                 )
    vs.                          )    Case No. 14-cv-01265-DRH
                                 )
WARDEN SPILLER,                  )
                                 )
           Respondent.           )

### MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Charlie Eastland is currently incarcerated in Pinckneyville Correctional Center. Eastland has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking to upset his 1988 Cook County, Illinois, convictions for rape, deviate sexual conduct and aggravated kidnapping, and the resulting 75-year term of imprisonment. *See People v. Eastland*, 628 N.E.2d 1006 (Ill. App. 1st Dist. 1993).

Eastland argues that: (1) the Circuit Court lacked lawful jurisdiction over his criminal case because he was not charged by complaint or indictment, but instead by information, and the charges have never been explained to him; and (2) he was denied due process because his conviction was based upon false testimony.

Eastland acknowledges that he previously filed a habeas petition that was dismissed, but he takes issue with the fact that it was not evaluated on its merits.

Citing *Ex parte Royall*, 117 U.S. 241 (1886), and *Harris v. Nelson*, 394 U.S. 286 (1969), Eastland asserts that he only learned on September 1, 2014, that he could pursue a jurisdictional challenge and assert his actual innocence in a habeas petition.

## Analysis

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." After carefully reviewing the petition in the present case and Eastland's litigation history, the Court concludes that this is an unauthorized successive petition which must be dismissed for lack of jurisdiction.

Title 28 U.S.C. § 2254 provides that the Court shall "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of the State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Accordingly, "[f]ederal courts can grant habeas relief only when there is a violation of federal statutory or constitutional law." *United States ex rel. Lee v. Flannigan*, 884 F.2d 945, 952 (7th Cir.1989). A petitioner is entitled to one clean shot at establishing entitlement to relief in a federal habeas corpus proceeding. *Paulousky v. VanNatta*, 431 F.3d 1063, 1064 (7th Cir.2005). Thus, "[a] claim presented in a

second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1).

Under 28 U.S.C. § 2244(b)(3), this Court has no jurisdiction to hear a second or successive habeas petition without authorization from the Seventh Circuit. Not all subsequent petitions, however, are considered to be "second or successive." See Panetti v. Quarterman, 551 U.S. 930, 944 (2007) ("The Court has declined to interpret 'second or successive' as referring to all § 2254 applications filed second or successively in time, even when the later filings address a state-court judgment already challenged in a prior § 2254 application."). Rather, "in order for a habeas petition to be considered successive, the previous motion must have been denied on the merits." Garrett v. United States, 178 F.3d 940, 942 (7th Cir.1999). Previous petitions that were dismissed for technical or procedural deficiencies, such as filing in the wrong district, failing to pay a filing fee, or failing to exhaust state-court remedies, do not trigger the successive-petition bar. Altman v. Benik, 337 F.3d 764, 766 (7th Cir.2003). A previous petition dismissed as untimely, however, does count as a prior petition for the purposes of section 2244(b) "because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims." Id.; see also Pavlovsky v. VanNatta, 431 F.3d 1063 (7th Cir.2005) ("[t]he dismissal of a suit as untimely is a dismissal on the merits"). That, essentially, is Eastland's problem.

As recently as 2011, the Court of Appeals for the Seventh Circuit *twice* declined to authorize Eastland to bring a successive Section 2254 petition regarding the same issues he is asserting in the present Section 2254 petition. In January of 2011, the appellate court stated:

> Eastland's application proposes to argue that he is "wholly innocent" of any offense' that Illinois lacked jurisdiction over him; and the prosecutors willfully used lies to convict him. But none of the proposed claims relies on a new, retroactive rule of constitutional law. *See* 28 U.S.C. § 2244(b)(2)(A). Nor are they based on new facts. *See id.* § 2244(b)(2)(B).

*Eastland v. Davis*, Case No. 10-3938 (7th Cir. Jan. 5, 2011). In March 2011, the appellate court stated more explicitly:

> [Eastland] proposes the same claims he has been litigating for the past *ten years*. As we have informed him before—twice—§ 2244(b)(1) bars authorization of claims previously presented to a court.
> ***
> Additionally, we caution Eastland that submitting frivolous papers to a court will result in sanctions. *Alexander v. United States*, 121 F.3d 312 (7th Cir. 1997).

*Eastland v. Davis*, Case No. 11-1513 (7th Cir. Mar. 15, 2011) (emphasis added).[1]

Those admonitions remain true now, in 2014. Petitioner attempts to get around the one-year limitations period by citing *Ex parte Royall* and *Harris v. Nelson*. However, those cases are clearly not new, and Eastland is merely attempting to present the exact same arguments that the Seventh Circuit has declined to authorize. Consequently, the present petition must be dismissed for lack of subject-matter jurisdiction

---

[1] In 2002, the District Court for the Northern District of Illinois dismissed Eastland's Section 2254 petition as an unauthorized successive petition, noting that at that juncture Eastland had filed "no fewer than seven prior habeas petitions," and had been instructed not to file any more petitions until he received leave to do so from the appellate court. *Eastland v. Warden of Menard CC*, Case No. 02-cv-1866 (N.D. Ill. Nov. 20, 2002).

**Disposition**

**IT IS THEREFORE ORDERED** that, for the reasons stated, Charlie Eastland's Section 2254 petition for writ of habeas corpus (Doc. 1) is **DISMISSED for lack of jurisdiction**. Judgment shall enter accordingly and the Clerk shall close this case.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725–26 (7th Cir.2008); *Sloan v. Lesza,* 181 F.3d 857, 858–59 (7th Cir.1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir.1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30–day appeal deadline.[2]

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order

---

[2] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e).

adverse to the applicant." *Id.* The Court may grant a certificate of appealability only where a petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Copeland v. Washington,* 232 F.3d 969 (8th Cir. 2000). To make such a showing, the issues must be debatable among reasonable jurists, a court must be able to resolve the issues differently, or the case must deserve further proceedings. *See Flieger v. Delo,* 16 F.3d 878, 882–83 (8th Cir. 1994). The Court finds that it is unlikely that another court would decide this case differently. For this reason, the Court **DENIES** a certificate of appealability.

## Sanctions

The Court of Appeals cautioned Eastland that submitting frivolous papers to a court will result in sanctions. *Alexander v. United States*, 121 F.3d 312 (7th Cir. 1997). *Eastland v. Davis*, Case No. 11-1513 (7th Cir. Mar. 15, 2011). The present petition strikes this Court as frivolous, given that it is yet another unauthorized attempt to present arguments previously rejected by the Seventh Circuit.

Under *Alexander v. United States,* 121 F.3d 312 (7th Cir.1997), and *Support Systems International, Inc. v. Mack,* 45 F.3d 185 (7th Cir.1995), courts have inherent authority to protect themselves from vexatious litigation by imposing fines and filing bans. In *Alexander,* the Court warned that if the petitioner filed any further habeas petitions he would be fined $500; the fine would have to be paid before any other civil litigation be allowed to be filed, and

any habeas action would be summarily dismissed thirty days after filing unless otherwise ordered by the Court.

**IT IS HEREBY ORDERED** that, on or before **January 5, 2015**, petitioner Charle Eastland shall **SHOW CAUSE** in writing why he should not be sanctioned (1) with a $500 fine, which will have to be paid before any other civil litigation may be filed; and (2) with any habeas action being summarily dismissed thirty days after filing unless otherwise ordered by the Court.

**IT IS SO ORDERED.**

**Signed this 3rd day of December, 2014.**

Digitally signed by
David R. Herndon
Date: 2014.12.03
13:09:56 -06'00'

**District Judge**
**United States District Court**